UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PIMENTEL, ALDO PIMENTEL,<br><br>                    Plaintiffs,<br>    vs.<br><br>DEUTCSHE BANK NATIONAL TRUST COMPANY; CAL-WESTERN RECONVEYANCE CORPORATION; OCWEN LOAN SERVICING, LLC; RESMAE MORTGAGE COMPANY; CINTIVA FINANCIAL CORPORATION; HECTOR CASILLAS; GLADYS FRANCO; NEW CENTURY TITLE COMPANY; ART SANTENIS; et al.,<br><br>                    Defendants. | CASE NO. 09-CV-2264 JLS (NLS)<br><br>**ORDER: DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>(Doc. No. 3) |

Presently before the Court is Plaintiffs' motion for a temporary restraining order. (Doc. No. 9.) The Court ordered Defendants to file responsive briefing by October 19, 2009, but none was received. However, since it is unclear whether Defendants were timely and properly informed of this motion, the Court believes that a finding of consent under Local Rule 7.1(e)(2) would be improper. Having considered the law and the arguments presented, Plaintiffs' motion is **DENIED**.

## LEGAL STANDARD

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977)

(Rehnquist, J.). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc. (NRDC)*, — U.S. —, 129 S.Ct. 365, 374 (2008) (citing *Munaf v. Geren*, — U.S. —, 128 S.Ct. 2207, 2218–19 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *NRDC*, 129 S.Ct. at 376. This "clear showing" requires Plaintiffs to show more than a mere "possibility" of irreparable harm, but instead they must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 375 (emphasis in original); *Am. Trucking Ass'ns*, 559 F.3d at 1052.

**ANALYSIS**

The Court believes that Plaintiffs have not made an adequate showing that (1) they are likely to succeed on the merits, or (2) that they are likely to suffer "irreparable harm."[1] Without such necessary showings, a temporary restraining order is inappropriate. *NRDC*, 129 S.Ct. at 375–76.

**I.     Likelihood of Success on the Merits**

Plaintiffs set forth five different legal bases for relief in their complaint and motion. (*See* Memo. ISO Motion at 6–7; Compl. ¶¶ 25–51.) These legal bases differ in one respect; in the Complaint, Plaintiffs allege that Defendants engaged in an unfair trade practice while in their motion the allege a violation of California Civil Code § 2923.6. Since Plaintiffs do not argue the unfair trade practices claim in their motion, it is not considered here.

Plaintiffs first allege violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1602, et seq. These claims, however, appear to be time barred. TILA and HOEPA share a statute of limitations. *See* 15 U.S.C. § 1640; *In re Cmty. Bank N. Va.*, 418 F.3d 277, 304–05 (3rd Cir. 2005). Typically, a damages claim under either act must be brought into court within one year of the loan's execution. *Id.* § 1640(e). The "right of rescission . . . expire[s] three years after the date of consummation of the

---

[1] The Court does not express any opinion as to whether the balance of equities tip in Plaintiffs' favor or whether an injunction is in the public interest.

1  transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). In this case,
2  Plaintiffs allege that they "obtained a loan on their residence on or about September 1, 2005." (Memo.
3  ISO Motion at 3.) Since that occurred well outside both the one and three year time limits, the Court
4  cannot find that Plaintiffs are likely to succeed on these claims.

5  Next, Plaintiffs allege violations of the Real Estate Settlement Procedures Act ("RESPA"), 12
6  U.S.C. § 2601, et seq. They are similarly unlikely to succeed on this claim. RESPA has a three year
7  statute of limitations for claims brought under 12 U.S. C. § 2605 and a one year statute of limitations
8  for claims brought under 12 U.S.C. §§ 2607 & 2608. Even applying the three year limitation period,
9  Plaintiffs' claims appear to be barred since they executed their loan more than four years prior to the
10 filing of this action. Thus, Plaintiffs are not likely to succeed on their RESPA claims.

11 Third, Plaintiffs allege that Defendants violated California Civil Code § 2923.6. (Memo. ISO
12 Motion at 7.) According to Plaintiffs, Defendants would breach this section by foreclosing and not
13 modifying their loan. (*Id.*) Plaintiffs are incorrect. Section 2923.6 states that "any duty servicers may
14 have to maximize net present value under their pooling and servicing agreements is owed to all parties
15 in a loan pool, not to any particular parties." Cal Civ. Code § 2923.6(a). Since Plaintiffs are not
16 "parties in a loan pool,"[2] the Defendants do not owe them a duty under this statutory section. Without
17 standing to enforce this duty, Plaintiffs are unlikely to succeed on a 2923.6 claim.

18 Finally, Plaintiffs allege that Defendants are in breach of a contract for loan modification.
19 (Memo. ISO Motion at 7.) According to Plaintiffs, they entered into a contract with Defendant Ocwen
20 changing the terms of their mortgage and that Defendant breached by nonetheless foreclosing. (*Id.*)
21 Although it appears that Plaintiffs may have entered into a loan modification contract, it is not *likely*
22 that they will succeed on the merits of their breach of contract claim.

23 Plaintiffs have provided the Court with a copy of the "Loan Modification Agreement."
24 (Memo. ISO Motion, Ex. E ("Agreement") at 46–47.[3]) Having reviewed the agreement, there are a
25 number of provisions which Plaintiffs do not address that appear to preserve Defendant Ocwen's right

---

27 [2] Nor is it alleged in the pleadings that Plaintiffs' loan was actually included in a loan pool.

28 [3] When referring to the exhibits to Plaintiffs' motion, the Court uses the page number assigned by CM/ECF.

1 to foreclose. For example, paragraph 9(b) states that none of Plaintiffs' "obligations or liabilities under your Note and Mortgage will be diminished or released by any provisions hereof, nor will this Agreement in any way impair, diminish or affect any of Ocwen's rights under or remedies on your Note and Mortgage." It also states that the Agreement is neither "a satisfaction or release in whole or in part of your Note and Mortgage" and that "[d]uring the Trial period, your loan will continue to be delinquent." (*Id.* ¶¶ 9(d), 9(f).) Finally, "[i]n the event that a foreclosure is pending, the foreclosure action will not be dismissed." (*Id.* ¶ 9(e).)

Plaintiffs' pleadings and evidence make clear that they were willfully in default prior to their foreclosure. (Compl. ¶ 15; Sandoval Decl. ISO Motion) Although it may be that Defendant Ocwen's revocation of the loan modification offer was wrongful, the pleadings are inadequate to show that Plaintiffs are *likely* to prevail on this claim. Nor does the agreement clearly make foreclosure wrongful, as Defendant Ocwen merely agreed to "take reasonable action to place [the foreclosure] on hold pending your completion of the trial period." (Agreement ¶ 9(e).) As such, although it is *possible* Plaintiffs will succeed on the merits of the contract claim, it is not *likely*. Therefore, Plaintiffs are not entitled to a temporary restraining order.

**II.     Irreparable Harm**

Even if Plaintiffs were likely to succeed on the merits, their claim would still fail because they have not demonstrated a likelihood of "irreparable harm." Plaintiffs' argument that they will suffer irreparable harm consists of three sentences: "Here, Plaintiffs will suffer irreparable harm if Defendants are allowed to remove Plaintiffs from their home. All real property under the eye of the law is considered unique. Money cannot compensate for the loss of a family residence or home." (Memo. ISO Motion at 8.)

Some courts have found that the loss of real property through foreclosure constitutes an "irreparable injury." *Cf. Wrobel v. S.L. Pope & Assocs.*, 2007 WL 2345036, at *1 (S.D. Cal. June 15, 2007). However, that is not the situation before this Court. As Plaintiffs freely admit, "On or about July 6, 2009, the subject property was sold by Defendants (sic) Cal-Western Reconveyance to Defendants (sic) Deutsche Bank National Trust at a foreclosure sale." (Memo. ISO Motion at 5.) In light of this, it appears that the "irreparable injury" has already occurred and Plaintiffs have already

lost title to their property.

Thus, the question is whether Plaintiffs' eviction from a home which they do not own is a type of "irreparable harm." At least one federal district court in California has held that it is not. *See Wendt v. Edward D. "Tito" Smith*, 203 WL 21750676, at *3–*4 (C.D. Cal. Jan. 30, 2003) ("An eviction from property to which [Plaintiffs] have no legal claim does not amount to irreparable harm."). This Court agrees. Regardless of whether foreclosure constitutes an irreparable harm, wrongful eviction from an unowned property can be compensated through monetary relief. Therefore, even if Plaintiffs were likely to prevail on the merits, their motion for a temporary restraining order would still be **DENIED**.

## CONCLUSION

Because Plaintiffs' have not made a "clear showing" of entitlement to relief, the motion for a temporary restraining order is **DENIED**. Since the motion is no longer pending, the hearing scheduled for October 22, 2009 at 10:00 am is **VACATED**.

IT IS SO ORDERED.

DATED: October 20, 2009

Honorable Janis L. Sammartino
United States District Judge